UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : No. 3:20-CR-260 |
| v. | : |
| | : |
| CORY O'CONNOR, | : (Judge          ) |
| | : |
| Defendant. | : |

INDICTMENT

THE GRAND JURY CHARGES:

FILED
SCRANTON
OCT 13 2020
PER ___
DEPUTY CLERK

COUNT 1

Distribution of Methamphetamine
21 U.S.C. § 841(a)(1)

On or about February 26, 2020, in Lackawanna County, within the Middle District of Pennsylvania, the defendant,

**CORY O'CONNOR,**

aiding and abetting and aided and abetted by another person, did knowingly and intentionally distribute and possess with intent to distribute a substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and Title 18, United States Code, Section 2.

1

THE GRAND JURY FURTHER CHARGES:

## COUNT 2
Possession of Firearm in Furtherance of Drug Trafficking
18 U.S.C. § 924(c)

On or about February 26, 2020, in Lackawanna County, within the Middle District of Pennsylvania, the defendant,

**CORY O'CONNOR,**

did knowingly possess a firearm, namely, a Taurus 9mm pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, the unlawful distribution and possession with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of 21, U.S.C. Section 841(a)(1).

All in violation of Title 18, United States Code, Section 924(c).

THE GRAND JURY FURTHER CHARGES:

## COUNT 3
Possession of a Firearm with Obliterated Serial Number
18 U.S.C. § 922(k)

On or about February 26, 2020, in Lackawanna County, within the

Middle District of Pennsylvania, the defendant,

### CORY O'CONNOR,

did knowingly and intentionally possess a firearm, specifically a Taurus 9mm pistol, which had the manufacturer's serial number removed and obliterated and which had been shipped and transported in interstate commerce.

All in violation of Title 18, United States Code, Section 922(k).

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 4
### Possession with Intent to Distribute Methamphetamine
### 21 U.S.C. § 841(a)(1)

On or about October 2, 2020, in Lackawanna County, within the Middle District of Pennsylvania, the defendant,

### CORY O'CONNOR,

did knowingly and intentionally possess with intent to distribute 50 grams and more of a substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

THE GRAND JURY FURTHER CHARGES:

<u>COUNT 5</u>
Conspiracy to Distribute Methamphetamine
21 U.S.C. § 846

From on or about February 26, 2020, and continuing to on or about October 2, 2020, in Lackawanna County, within the Middle District of Pennsylvania, the defendant,

**CORY O'CONNOR**,

did knowingly and intentionally combine, conspire, confederate and agree with other persons, known and unknown to the Grand Jury, to commit the following offense against the United States: namely, to knowingly and intentionally distribute and possess with intent to distribute 50 grams and more of a substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. Section 841(a)(1) and 841(b)(1)(B).

All in violation of Title 21, United States Code, Sections 846.

## FORFEITURE ALLEGATION

1.  The allegations contained in Counts 1 through 5 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853.

2.  Pursuant to Title 18, United States Code, Section 924(d), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 18, United States Code, Section 924(c), Title 18, United States Code, Section 922(k), and Title 21, United States Code, Sections 841 and 846, the defendant,

## CORY O'CONNOR

shall forfeit to the United States of America any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of said offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to, the following:

    a.    a Taurus 9mm Pistol

    b.    approximately $259.00 in United States Currency; and

5

      c.     approximately 7 rounds of hollow-point 9mm ammunition

      d.     a yellow Apple iPhone

If any of the forfeitable property described above, as a result of any act or omission of the defendant:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;

      c.     has been placed beyond the jurisdiction of the court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 924(d), Title 28, United States Code, Section 2461(c), and Title 21, United States Code,

Section 853.

A TRUE BILL

DAVID J. FREED
United States Attorney

By: _____
JAMES M. BUCHANAN
Assistant United States Attorney

Date: 10/13/2020