IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| VS | : | **3:CR-20-260** |
| | : | **(JUDGE MARIANI)** |
| **CORY O'CONNOR** | : | |

## PRETRIAL ORDER

In order to eliminate unnecessary motions for discovery in this case, to eliminate delays in the presentation of evidence and the examination of witnesses, to expedite the trial pursuant to the provisions of the Speedy Trial Act of 1974, and to set a time for the making of pretrial motions,

**IT IS HEREBY ORDERED THAT:**

1. **Trial.** The trial will commence with the drawing of a jury on **DECEMBER 7, 2020 at 9:30 a.m.** in Scranton, Pennsylvania.

2. **Conference**. No later than October 26, 2020, the United States Attorney or one of his assistants and the attorney for the defendant shall meet in the United States Attorney's office in Scranton, Pennsylvania, to discuss any pretrial matters. A written report describing the results of the conference shall be filed no later than October 30, 2020. At the conference, counsel for the government shall:

> (a) Permit the attorney for the defendant to inspect and copy or photocopy any relevant written or recorded statements or confessions made by the defendant or copies thereof within the possession, custody, or control of the government, the existence of which is known, or may become known to the

attorney for the government;

(b) Permit the attorney for the defendant to inspect and copy or photocopy any relevant results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the case, or copies thereof, within the possession, custody or control of the government, the existence of which is known or may become known to the attorney for the government;

(c) Permit the attorney for the defendant to inspect and copy or photograph any recorded testimony of the defendant before a grand jury;

(d) Permit the attorney for the defendant to inspect and copy, photocopy or photograph books, papers, documents, tangible objects, buildings or places which are the property of the defendant and which are within the possession, custody or control of the government;

(e) Permit the attorney for the defendant to inspect and copy or photocopy the defendant's prior criminal record in the possession of the attorney for the government;

(f) Permit the attorney for the defendant to inspect, copy or photocopy any exculpatory evidence within the purview of Brady v. Maryland;

(g) If there are multiple defendants named in the indictment, and if the government intends to introduce into evidence in its case in chief a confession made to law enforcement authorities by one defendant which names or makes mention of a co-defendant, then the government shall make a copy of that statement or confession available to counsel for the non-declarant defendant along with a proposal for its redaction to conform with the requirements of Bruton v. United States. If the government makes no such disclosure, the confession may not be received at a joint trial of the declarant and non-

declarant defendants. If, within ten (10) days after receipt of the confession and its redacted version, counsel for the non-declarant defendant makes no objection to the redacted statement, he will be deemed to have acceded to the admission of the redacted statement into evidence.

3. **Reciprocal Discovery**. The defendant shall provide government counsel with reciprocal discovery pursuant to Federal Rule of Criminal Procedure 16(b)(1)(A) and (B).

4. **Disclosure Declined**.

   (a) If, in the judgment of the United States Attorney it would be detrimental to the interests of justice to make any of the disclosures set forth in this pretrial order or as otherwise may be required by law, disclosure may be declined, and defense counsel advised in writing of the declination on or before the date of the conference between counsel.

   (b) If the defendant seeks to challenge the declination he may move the court for relief in the following manner:

   1) No later than seven (7) days after the October 26, 2020, conference between counsel, the defendant shall file a motion for discovery or inspection;

   2) The motion shall set forth (I) a statement showing the date and time that the prescribed conference between counsel was held; (ii) the name of the Assistant United States Attorney with whom the conference was held; (iii) all matters which were agreed upon; and (iv) the matters which are in dispute and which require the court determination.

5. **Continuing Duty**. Any duty of disclosure and discovery set forth herein is a continuing one and the United States Attorney shall produce any additional information

3

gained by the government within ten (10) days after receipt thereof, subject, however, to the provisions of the paragraph relating to declination of disclosure. The defendant may move to challenge the declination with respect to such additional matters within seven (7) days after the government declines to disclose the same.

6. **Pretrial Motions**.

   (a) **Discovery Motions**. Discovery motions shall be filed by the deadlines established in paragraphs 3 and 5 of this Order.

   (b) **In Limine Motions**. Motions in limine, together with supporting briefs, shall be filed not less than ten (10) days prior to the date scheduled for jury selection.

   (c) **Ex Parte Motions**. All requests to the court for the issuance of subpoenas or writs of habeas corpus ad testificandum shall, except for good cause shown, be filed 10 days prior to the date set for drawing of the jury and shall state with specificity the proposed testimony of each witness and its relevance to the case. The witnesses shall be listed in the order of preference to the movant.

   (d) **Other Pretrial Motions**. All other pretrial motions shall be filed no later than November 2, 2020.

   (e) **Concurrence by Opposing Counsel**. All motions prior to trial shall be written, and shall, with the exception of ex parte motions, contain a certification by counsel for the movant that concurrence in the motion by opposing counsel has been sought and it has been either given or denied.

   (f) **Documents Substantiating Motion**. When allegations of fact are relied upon in support of a motion, all pertinent affidavits, transcripts, and other documents shall accompany the motion unless good cause is shown why they cannot be

submitted at that time, in which event they shall be filed as
soon as is reasonably possible.

(g) **Certificate of Service**. Certificates of service shall be
attached to the motion following the certificate of concurrence
or non-concurrence.

(h) **Pretrial Motions**. Pretrial motions shall be accompanied
by a supporting brief. If a supporting brief is not filed in
conjunction with the motion, the motion will be deemed
withdrawn, unless otherwise ordered by the court.

A responsive brief shall be filed within 14 days of the filing of the
motion and brief unless service is by mail, in which case the
respondent shall have 14 days in which to respond.

A reply brief may be filed by the original movant in rebuttal to
new matter raised by the respondent's brief. Such a brief shall
be filed within 7 days after the filing of the responsive brief
unless service of the responsive brief is by mail, in which case
the reply brief shall be filed 7 days after filing of the responsive
brief. The court reserves the right to rule on any motion without
benefit of a reply brief.

The court will not consider motions unless they are supported
by briefs which describe the factual background for the motion
and cite legal authority for the requested relief.

7. **Exhibits**. The government shall pre-mark all exhibits which it intends to introduce as part of its direct case and shall permit the attorney for the defendant to inspect and copy these exhibits no later than ten (10) days prior to the commencement of the trial. A set of such pre-marked documentary exhibits with an exhibit list in duplicate should be turned over to the deputy clerk before or at the outset of trial. The defendant's exhibits shall also be pre-marked but need not be disclosed until actually used at trial. The government

shall also pre-mark all Jencks Act materials so that no trial delay is encountered when they are turned over to defendant's counsel.

8. **Authenticity of Exhibits**. The authenticity of all exhibits examined by defense counsel pursuant to the provisions of this order will be deemed to have been accepted by the defendant unless defense counsel files with the court at least five (5) days prior to the date of the drawing of the jury, or if the case is to be tried by the court, five (5) days prior to the date the first jury is drawn for another case on the same trial list,

    (a) a notice that the authenticity of the particular exhibit or exhibits will be contested by the defendant at the trial;

    (b) a statement delineating why the authenticity of each particular exhibit is being challenged; and

    (c) a certificate that the challenge to authenticity is being made in good faith.

9. **Chain of Possession**. When defense counsel has examined an exhibit pursuant to this order, the chain of possession of the exhibit will be deemed to have been accepted by the defendant unless defense counsel files with the court at the time set forth in the previous paragraph relating to notice of challenge of authenticity of exhibits,

    (a) a notice that the chain of possession of the exhibit will be contested by the defendant at trial; and

    (b) a certification that the challenge to the chain of possession is being made in good faith.

10. **Scientific Analysis**. When the government has disclosed to defense counsel at the conference set forth in the scientific analysis of an exhibit proposed to be introduced at the trial by the government which has been determined by an expert in the field of science involved, the scientific analysis of the exhibit will be deemed admissible in evidence unless defense counsel files with the court at the time set forth in ¶ 9 relating to notice of challenge of authenticity of exhibits a notice that the scientific analysis of the exhibit will be contested.

11. **Witness Statements**. Counsel shall pre-mark all statements which must be produced pursuant to Federal Rule of Criminal Procedure 26.2 so that no trial delay is encountered at the time the statements are turned over. Voluntary disclosure at a time earlier than that mandated by the rule is encouraged in order to avoid delays in trial.

12. **Plea Bargains**. All plea bargains shall be reduced to writing prior to the guilty plea hearing and shall be executed by all parties at the hearing prior to the entry of the guilty plea. A copy of the proposed plea bargain shall be submitted to the court prior to the hearing scheduled for the entry of the plea.

13. **Conflict with Rules of Court and Prior Order**. Should any provision of this order conflict with any Rule of the United States District Court for the Middle District of Pennsylvania or any standing order of this court or district, such conflicting provision of this order shall control and the rule of court or standing order shall be suspended in the

captioned action to the extent that it conflicts with this order. If any provision of this order conflicts with a prior order of this case, such prior order shall be revoked to the extent that it conflicts with this order.

14. Please note that the preferred way of submitting correspondence to me is to file all correspondence through The Electronic Case Filing System.

DATED: 10/20/20

Robert D. Mariani
United States District Judge