IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:20-cr-00260 |
| | : | |
| v. | : | (Mariani, J.) |
| | : | (Saporito, M.J.) |
| | : | |
| CORY O'CONNOR | : | (ECF) |

**BRIEF IN SUPPORT OF DEFENDANT'S
MOTION FOR PRETRIAL RELEASE**

AND NOW, comes the Defendant, Cory O'Connor by his attorney, Brandon R. Reish, Assistant Federal Public Defender, and files this brief in support of the defendant's motion for pretrial release and submits as follows:

**I.   Introduction: Corey O'Connor's release will let him participate in inpatient rehabilitation, a circumstance which was unavailable when this Court detained him.**

   **a.  Procedural Posture**

The Honorable Joseph F. Saporito, Jr. ordered Corey O'Connor detained reasoning that Mr. O'Connor had not rebutted the presumption under 18 U.S.C. § 3142(e)(3) and that no combination of conditions could reasonably assure the safety of any other person or the community. (Doc. 15). The court did not find Mr. O'Connor to be a flight risk.

This Court found the following weighed against release: the weight of the evidence, length of the potential sentence, prior violation while on state pretrial release, history of drug abuse, and lack of stable employment. At the detention hearing, Mr. O'Connor needed drug treatment, and he has remained incarcerated in the Lackawanna County Prison trying to secure treatment.

Pyramid Dallas will transport Mr. O'Connor to its facility in Dallas, Pennsylvania on February 9, 2020 to participate in an inpatient rehabilitation. After discharge from that facility he will reside with his mother subject to location monitoring and continue with outpatient treatment. While this evidence was not enough to secure the concurrence of the government, it is enough to provide this court with a change in circumstances to justify revisiting detention. *See* 18 U.S.C. § 3145(b).

Mr. O'Connor requests that this Court act promptly on the request as the bed date will expire after February 9, 2021.

## II. Mr. O'Connor can overcome the presumption through successful completion of inpatient rehabilitation followed by location monitoring.

A defendant can overcome the presumption under 18 U.S.C. § 3142(e)(3) by "some credible evidence." *United States v. Carbone,* 793 F.2d 559, 560 (3d Cir.

2

1986). Mr. O'Connor proposes successful completion of inpatient rehabilitation followed by electronic location monitoring at his mother's house.

### III. Mr. O'Connor does not pose a danger to the community

Mr. O'Connor's inpatient rehabilitation plan outweighs the potential danger he may pose to the community. This Court has noted the congressional finding that drug dealing can pose a danger to the community. That said, by seeking drug treatment and following recommendations, Mr. O'Connor pledges to avoid the drug use and lifestyle which exposed his community to danger. And the needed drug treatment will provide a benefit denied him by imprisonment at the Lackawanna County Prison.

As noted in the pretrial services report, other than for the behavior forming the basis of these charges, Mr. O'Connor has no other criminal arrests of convictions.

Mr. O'Connor has family ties to Luzerne County. Along with his mother and siblings, Mr. O'Connor's own children require his continued financial support. The pretrial services report notes an expected contribution of $300 per month, which cannot be paid if he is detained. If released, he will seek employment and pay his child support obligations.

Finally, at Pretrial Risk Assessment Category III, Mr. O'Connor's likelihood of rearrest for violent offense is limited to 1.3%. *See* 2018 PTRA Re-evaluation Study

3

by United States Probation. Mr. O'Connor noted this low risk of rearrest during the detention hearing.

## IV. Conclusion: Drug rehabilitation will help Mr. O'Connor more than pretrial detention and the community will remain safe.

Professionals have evaluated Mr. O'Connor and he requires drug treatment. Following inpatient drug treatment, he can continue with outpatient counseling while subject to location monitoring.

Respectfully submitted,

Date:  February 2, 2021

*/s/Brandon R. Reish*
BRANDON R. REISH, ESQUIRE
Asst. Federal Public Defender
Attorney ID# PA 91518
201 Lackawanna Avenue, Suite 317
Scranton, PA  18503
Tel. No. 570-343-6285
Fax No. 570-343-6225
*Brandon_reish@fd.org*
*Attorney for Cory O'Connor*

## CERTIFICATE OF SERVICE

I, Brandon R. Reish, Esquire of the Federal Public Defender's Office, do hereby certify that I served a copy of the foregoing **Brief in Support of Defendant's Motion For Pretrial Release** via Electronic Case Filing, or by placing a copy in the United States mail, first class in Scranton, Pennsylvania, or by hand delivery, addressed to the following:

JAMES BUCHANON, ESQ.
United States Attorney's Office


CORY O'CONNOR
Lackawanna County Prison


Respectfully submitted,

Date:  February 2, 2021

*/s/Brandon R. Reish*
BRANDON R. REISH, ESQUIRE
Asst. Federal Public Defender